FILED
2022 Jul-20 PM 04:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | |
|---|---|
| **MELINDA HORTON, an individual,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | **CASE NO.: _____** |
| ) | |
| ) | |
| ) | |
| **TYSON SALES & DISTRIBUTION,** ) | |
| **INC., a corporation,** ) | |
| **JARRID J. HICKS, an individual;** ) | |
| ) | |
| "A", "B" and "C", whether singular or ) | |
| plural, the person, firm, corporation, ) | |
| partnership, LLC, or other entity owning ) | |
| or leasing the Freightliner tractor/trailer ) | |
| motor vehicle which caused Plaintiff ) | |
| MELINDA HORTON'S vehicle to be ) | |
| struck by a tire and/or other debris on ) | |
| the occasion made the basis of this suit ) | |
| and/or contributed to Plaintiff ) | |
| MELINDA HORTON'S vehicle being ) | |
| struck by a tire and/or other debris on ) | |
| the occasion made the basis of this suit; ) | |
| "D", "E" and "F", whether singular or ) | |
| plural, the person, firm, corporation, ) | |
| partnership, or other entity on whose ) | |
| behalf the vehicle was being operated by ) | |
| an underinsured motorist, on the ) | |
| occasion made the basis of this suit; "G", ) | |
| "H" and "I", being the driver of the ) | |
| Freightliner tractor/trailer motor vehicle ) | |
| which caused Plaintiff MELINDA ) | |
| HORTON'S vehicle to be struck by a tire ) | |

| | |
|---|---|
| and/or other debris on the occasion made the basis of this suit and/or contributed to Plaintiff MELINDA HORTON'S vehicle being struck by a tire and/or other debris on the occasion made the basis of this suit; "J", "K" and "L", whether singular or plural, being the person, firm, corporation, partnership, or other entity which insured the Freightliner tractor/trailer motor vehicle driven and/or leased and/or owned by the aforementioned fictitious Defendants and/or the underinsured motorist, which caused Plaintiff MELINDA HORTON'S vehicle to be struck by a tire and/or other debris on the occasion made the basis of this suit and/or contributed to Plaintiff MELINDA HORTON'S vehicle being struck by a tire and/or other debris on the occasion made the basis of this suit. Plaintiffs aver that the identity of the fictitious party Defendants is otherwise unknown to Plaintiffs at this time, or if their names are known to Plaintiffs, their identity as proper party Defendants is not known to Plaintiffs at this time, but their true names and identities will be substituted by amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

      Defendants.

## COMPLAINT

COMES NOW Plaintiff MELINDA HORTON, and for the relief hereinafter sought, respectfully shows unto this Honorable Court as follows:

### Parties

1.    Plaintiff MELINDA HORTON is an adult resident citizen of Gwinnett County, Georgia.

2. Defendant JARRID J. HICKS is, upon information and belief, an adult resident citizen of Clay County, Florida.

3. Defendant, TYSON SALES & DISTRIBUTION, INC., is, upon information and belief, a domestic corporation with its principle place of business in Washington County, Arkansas.

4. At the time of the incident forming the basis of this civil action, Defendant TYSON SALES & DISTRIBUTION, INC., was operating in and doing business in the State of Alabama, including Marion County, Alabama.

5. On or about July 22, 2020, Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious parties Defendants listed and described herein and as Fictitious Parties A, B & C owned and/or leased, maintained and controlled a Freightliner Cascada commercial motor vehicle (VIN # 3AKJHHDR4MSMD8585) that was involved in the subject incident with Plaintiff MELINDA HORTON in this proper venue of Marion County, Alabama and/or the Northern District of Alabama – Jasper Division.

6. Defendant JARRID J. HICKS is, upon information and belief, an adult resident citizen of Clay County, Florida, who was at all times pertinent to this civil action an agent/employee working for and under the control of Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious party Defendants listed and described herein as G, H & I and was the operator of the Freightliner Cascada commercial motor vehicle (VIN # 3AKJHHDR4MSMD8585) owned and/or leased, maintained and controlled by Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C on or about July 22, 2020.

7. All of the acts and omissions of Defendant JARRID J. HICKS alleged in this civil

action were acts and omissions that occurred while Defendant JARRID J. HICKS was acting within the line and scope of his employment as an employee of Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C on or about July 22, 2020.

8. This Complaint is brought against all employees and agents of Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious party Defendants listed and described herein and as Fictitious Parties A, B & C and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious party Defendants listed and described herein and as Fictitious Parties A, B & C who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious party Defendants listed and described herein and as Fictitious Parties A, B & C.

9. Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious parties Defendant listed and described herein and as Fictitious Parties A, B & C as a legal entity, can only act through its officers, employees and agents. As the employer of those who set policies and play any role in the hiring, training, retention and supervision of the employees, Defendant TYSON SALES & DISTRIBUTION, INC., and one or more of the fictitious party Defendants listed and described herein and as Fictitious Parties A, B & C are responsible for its tortious acts or omissions that are the direct and proximate cause of injuries to Plaintiff MELINDA HORTON.

**Jurisdiction & Venue**

10. The amount in controversy exceeds $75,000.00.

11. The collision made the basis of this lawsuit occurred in Marion County, Alabama, which is located in the Northern District of Alabama – Jasper Division.

12. Complete diversity exists between the parties.

**Factual Allegations**

13. The Plaintiff adopts and incorporates paragraphs one (1) through twelve (12) as if fully set out herein.

14. On or about the July 22, 2020, Plaintiff MELINDA HORTON (hereinafter "Plaintiff") was driving a 2005 Mercedes ML350 traveling eastbound on Interstate 22, at or near the intersection of County Road 94 and Sentry Road in Marion County, Alabama.

15. At the same time and place, Defendant JARRID J. HICKS (hereinafter "Defendant Hicks") was operating a commercial motor vehicle that was leased and/or owned by Defendant TYSON SALES & DISTRIBUTION, INC. (hereinafter "Defendant Tyson") and one or more of the fictitious party Defendants listed and described herein and as Fictitious Parties A, B & C and was also traveling eastbound on Interstate 22, at or near the intersection of County Road 94 and Sentry Road in Marion County, Alabama.

16. At the same time and place, Defendant Hicks was employed by and was acting within the line and scope of his employment as a driver and hauler working for the commercial benefit of Defendant Tyson and one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C.

17. At the same time and place, Defendant Hicks caused and/or allowed a tire, a tire retread, vehicle debris and/or other parts of his commercial vehicle to detach and collide with the vehicle operated by the Plaintiff.

18. The commercial vehicle driven by Defendant Hicks was owned, operated, maintained and controlled by Defendant Tyson.

19. As a direct and proximate consequence of the incident described herein, the Plaintiff was caused to suffer personal injuries and damages as described with particularity in paragraph twenty-three (23), below.

### Count I
### Negligence/Gross Negligence/Willfulness

20. The Plaintiff adopts and incorporates paragraphs one (1) through nineteen (19) as if fully set out herein.

21. At the time of the incident forming the basis of this civil action, Defendant Hicks and one or more of the fictitious party Defendants listed and described herein as G, H & I, had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner, including if said vehicle was not properly maintained, repaired or controlled.

22. Defendant Hicks while acting at all times in the line and scope of his employment with Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C, breached his duty by negligently, wantonly, recklessly or willfully causing or allowing a tire, a tire retread, vehicle debris and/or other parts of his commercial motor vehicle to malfunction, detach and collide with the vehicle owned and/or operated by the Plaintiff, including, but not limited to, the following conduct:

    a. Failing to conduct a proper inspection of his vehicle;

    b. Failing to properly maintain his vehicle;

    c. Failing to properly repair his vehicle;

    d. Failing to properly operate his vehicle in such a manner as to avoid a

situation such as the one made the basis of this lawsuit.

23. As a direct and proximate consequence of the conduct of Defendant Hicks and/or one or more of the fictitious party Defendants listed and described herein as G, H & I, the Plaintiff was caused to suffer injuries and damages, including, but not limited to:

    a. The Plaintiff was caused to suffer injuries to her person that were and are attended by physical pain and suffering;

    b. The Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat and cure her injuries;

    c. The Plaintiff suffered permanent injuries and disfigurement;

    d. The Plaintiff suffered mental anguish and emotional distress;

    e. The Plaintiff suffered past, present and future lost earnings and lost earning capacity; and

    f. The Plaintiff sustained damage to her vehicle.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court and jury may determine together with interest from the date of the injury plus the costs of this action.

## Count II
### Respondeat Superior

24. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-three (23) as if fully set out herein.

25. At the time and place of the collision forming the basis of this civil action, Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C was/were the principal, master and/or employer of Defendant Hicks.

26. At the time and place of the incident forming the basis of this civil action, Defendant Hicks and/or one or more of the fictitious party Defendants listed and described herein as G, H & I, was the agent, servant and/or employee of Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C.

27. At the time and place of the collision forming the basis of this civil action, Defendant Hicks and/or one or more of the fictitious party Defendants listed and described herein as G, H & I was acting within the line and scope of his employment with Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C and was operating a commercial motor vehicle in furtherance of the business purposes of Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C.

28. As a result of the foregoing, Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C, as principals, are vicariously liable to the Plaintiff for the negligent, wanton, reckless or willful conduct of Defendant Hicks and/or one or more of the fictitious party Defendants listed and described herein as G, H & I, as agent(s), which proximately caused injuries and damages to Plaintiff, as set forth in paragraph twenty-three (23) above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court and jury may determine together with interest from the date of the injury plus the costs of this action.

## Count III
## Negligent Hiring, Training, Retention & Supervision

29. The Plaintiff adopts and incorporates paragraphs one (1) through twenty-eight (28) as if fully set out herein.

30. At all times relevant to the events forming the basis of this civil action, Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C owed a duty to the Plaintiff, and to the other members of the motoring public, to exercise reasonable care in:

    a. Hiring and retaining their drivers;

    b. Providing training and instruction to their drivers;

    c. Properly supervising their drivers;

    d. Complying with federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

    e. Ensuring that their drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operation of their commercial motor vehicles;

    e. Establishing safe procedures for the operation of their commercial motor vehicles; and

    f. Inspecting, maintaining and repairing their commercial motor vehicles.

31. At all times relevant to the events forming the basis of this civil action, Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C breached the duties set forth above by failing to use reasonable care in the:

    a. Hiring of their drivers, employees or agents, including Defendant Hicks;

    b. Training of their drivers, employees or agents, including Defendant Hicks;

    c. Retention of their drivers, employees or agents, including Defendant Hicks;

    d. Supervision of its business operations, by failing to properly monitor the driving habits and records of their drivers, employees or agents in a manner consistent with accepted industry practices, including Defendant Hicks;

  e. Instruction of their drivers, employees or agents, including Defendant Hicks;

  f. Supervision of their drivers, employees or agents, including Defendant Hicks;

  g. Entrustment of a commercial vehicle to their drivers, employees or agents, including Defendant Hicks;

  h. Inspection & proper maintenance of their commercial motor vehicles;

  i. Proper execution of their business practices and procedures;

  j. Compliance with state and federal regulations;

  k. Enforcement of their drivers', employees' or agents' compliance with state and federal regulations, including Defendant Hicks;

  l. Utilization of available information to properly monitor their drivers, employees or agents, including Defendant Hicks, for compliance with company policies, state regulation and federal regulations; and

  m. Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

32. As the entity that employed and controlled Defendant Hicks and/or one or more of the fictitious party Defendants listed and described herein as G, H & I, Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C, failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

33. As a proximate consequence of Defendant Tyson's and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C, breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant Hicks and/or one or more of the fictitious party Defendants listed and described herein as G, H & I, the Plaintiff suffered the injuries and damages set forth in paragraph

twenty-three (23) above and incorporated herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court and jury may determine together with interest from the date of the injury plus the costs of this action.

## Count IV
## Negligence Per Se

34. The Plaintiff adopts and incorporates paragraphs one (1) through thirty-three (33) as if fully set out herein.

35. Under the Federal Motor Carrier Safety Regulations (as adopted by the State of Alabama), Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C owed the general public, including the Plaintiff, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as commercial drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

36. Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C had a statutory duty to properly screen its applicants for employment. Under the Federal Motor Carrier Safety Regulations, Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C had numerous statutory duties, including, but not limited to, the following:

   a. To ensure the general qualifications of any driver it permitted to operate one of its tractor-trailers. **49 C.F.R. §391.11 & §391.15**;

   b. To ensure that a driver it permitted to operate one of its tractor-trailers possessed the requisite familiarity with the proper location, distribution and

      securement of his cargo.  **49 C.F.R. §391.13**;

c.      To obtain a completed employment application before permitting an applicant to operate one of its tractor-trailers.  **49 C.F.R. §391.21**;

d.      To fully investigate a driver's employment history by all reasonable means.  **49 C.F.R. §391.23(d)-(k)**;

e.      To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment.  **49 C.F.R. §391.23(a)-(c)**;

f.      To properly conduct an annual inquiry and review of a driver's driving record.  **49 C.F.R. §391.25**;

g.      To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months.  **49 C.F.R. §391.27**;

h.      To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its tractor-trailers.  **49 C.F.R. §391.31**;

i.      To ensure the physical and medical qualifications of its applicants.  **49 C.F.R. §§391.41-391.49**;

j.      To maintain an appropriate driver qualification file for each of its drivers.  **49 C.F.R. §391.51**;

k.      To maintain an appropriate driver investigation history file for each of its drivers.  **49 C.F.R. §391.53**;

l.      To ensure that all parts and all accessories of its commercial motor vehicles are in safe and proper operating condition at all times.  **49 C.F.R. §396.3;** and

m.      To operate its commercial motor vehicles within the operating authority granted to it by the U.S. Department of Transportation Federal Motor Carrier Safety Administration.  **Form OP-1**.

37.      Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C breached all or a portion of these statutory obligations and permitted Defendant Hicks to operate and maintain its commercial motor vehicles after negligible efforts, if any, to determine whether Defendant Hicks was competent and fit to

drive and maintain its commercial motor vehicles.

38. Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C had a duty to comply with the Federal Motor Carrier Safety Regulations (as adopted by the State of Alabama) so as to protect the general public, including the Plaintiff, from the unsafe operation and maintenance of commercial motor vehicles hauling cargo in interstate/intrastate commerce. The Plaintiff belongs to the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the personal injuries suffered by the Plaintiff were the types of injuries that the federal safety regulations were specifically intended to prevent.

39. The Plaintiff's injuries and damages set forth in paragraph twenty-three (23) above and incorporated herein were proximately caused by Defendant Tyson's and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C breaches of the statutory obligations referenced in paragraph thirty-six (36), above. If it had properly screened Defendant Hicks' background, Defendant Tyson and/or one or more of the fictitious party Defendants listed and described herein as Fictitious Parties A, B & C would not have hired, retained him as a commercial driver or entrusted its commercial motor vehicle to him, and this incident would not have occurred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendants for general and compensatory damages as well as special and punitive damages that the court and jury may determine together with interest from the date of the injury plus the costs of this action.

Dated: This, the 20th day of July, 2022

**PLAINTIFFS HEREBY DEMAND A TRIAL BY STRUCK JURY.**

                    Respectfully Submitted,

                    /s/ Joel L. DiLorenzo (DIL018)
                    Attorney for Plaintiff

**OF COUNSEL:**

THE DILORENZO LAW FIRM, LLC
The Financial Center
505 20th Street North – Ste. 1275
Birmingham, AL 35203
Telephone: (205) 212-9988
Facsimile: (205) 212-9989